IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:02-CR-22-BO-2
No. 7:11-CV-123-BO

| | |
|---|---|
| DION SAULTER,<br>      Petitioner, | )<br>)<br>) |
| v. | )   **ORDER** |
| UNITED STATES OF AMERICA,<br>      Respondent. | )<br>)<br>)<br>) |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 666]. Respondent has filed a Motion to Dismiss [DE 670] to which Petitioner has responded [DE 672], and the matter is ripe for ruling. For the reasons discussed below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is dismissed.

## BACKGROUND

Petitioner, Mr. Saulter, was sentenced on March 10, 2003, following a guilty plea to charges of conspiracy to distribute five kilograms or more of cocaine base, use of a firearm during and in relation to a drug trafficking crime, and conspiracy to launder money [DE 410]. Mr. Saulter was sentenced to terms of imprisonment of 253 months on the drug charge, sixty (60) months on the gun charge to run consecutively, and 240 months on the money laundering charge to run concurrently. *Id.* Mr. Saulter filed a Notice of Appeal on March 19, 2003 [DE 412], and his appeal was dismissed on August 29, 2003. On December 13, 2004, Mr. Saulter's sentence was reduced pursuant to a motion under Rule 35(b) of the Federal Rules of Criminal Procedure to a total term of imprisonment of 256 months [DE 530]. The Court later denied a motion by Mr. Saulter to reduce his sentence pursuant to 18 U.S.C. § 3582 [DE 622].

On March 13, 2008, Mr. Saulter filed a "Motion to Discontinue Sentence Operation Tarnished Badge Claims Robeson County" [DE 580]. The Court noticed Mr. Saulter that it would construe his Motion to Discontinue Sentence as a motion under § 2255 and gave him thirty days to confirm or deny his intent to file such a motion [DE 643]. Because Mr. Saulter failed to respond to the Court's notice within thirty days, the Court dismissed his Motion to Discontinue Sentence on May 2, 2011 [DE 661]. On June 10, 2011, Mr. Saulter filed a Motion to Vacate under § 2255, which the Government has moved to dismiss.

## DISCUSSION

A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four events: when the judgment of conviction becomes final, when an impediment to making a motion that is created by the government is removed, when the Supreme Court initially recognizes a right, or when new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f). "For purposes of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United* States, 537 U.S. 522, 525 (2003). Because he did not file a petition for certiorari, Mr. Saulter's judgment of conviction became final ninety days after the Court of Appeals dismissed his direct appeal in 2003. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004). Mr. Saulter's § 2255 motion is therefore untimely under 28 U.S.C. § 2255(f)(1).

Mr. Saulter has not alleged under § 2255(f)(2) any impediment by the Government that might have prevented him from filing his motion, but he has made an argument under § 2255(f)(4) that his motion has been filed within one year of the date on which the facts

supporting the claim or claims presented could have been discovered through the exercise of due diligence. Specifically, Mr. Saulter alleges that he did not become aware of a decision of the Supreme Court that he believes is germane to his circumstances until he was transferred to FPC-Manchester and that he has filed his § 2255 motion within a year of that date. A newly discovered legal opinion is not, however, new *factual* evidence discovered to support a claim or claims. *See Madaio v. United States*, 397 F. App'x. 568, 570 (11th Cir. 2010). Accordingly, Mr. Saulter's argument that his motion is timely under § 2255(f)(4) fails.

Mr. Saulter's motion remains untimely when the Court considers whether it meets the requirements § 2255(f)(3) which provides that a § 2255 motion is timely if filed within one year of the date on which the Supreme Court announces a newly recognized right that is made retroactively applicable to cases on collateral review. Mr. Saulter points to the holding in *United States v. Santos*, 553 U.S. 507 (2008), as providing a newly recognized right that would require that his sentence be vacated or modified. The Supreme Court announced its opinion in *Santos* on June 2, 2008; Mr. Saulter filed his § 2255 motion on June 10, 2011. Mr. Saulter's § 2255 motion was filed well more than one year after *Santos*, and is therefore untimely.[1]

Finally, Mr. Saulter asks the Court in his response to the Government's Motion to Dismiss to toll his § 2255 motion. Equitable tolling of the one-year period of limitations

---

[1] Mr. Saulter's Motion to Discontinue Sentence Operation Tarnished Badge was filed on March 13, 2008 and was dismissed by the Court on May 3, 2011. Insofar as Mr. Saulter might argue that his current § 2255 motion should in some way relate back to the Motion to Discontinue, his motion remains untimely under all provisions of § 2255(f). The Motion to Discontinue was filed more than one year after the date on which Mr. Saulter's judgment of conviction became final and more than two months prior to the Supreme Court's decision in *Santos*. Mr. Saulter makes no mention of his Motion to Discontinue in his current motion, has raised none of the same issues, and makes no attempt to characterize the current motion as one seeking to amend his, albeit already dismissed, Motion to Discontinue.

governing § 2255 petitions is available only in rare circumstances. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). In order to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance" prevented him from filing on time.[2] *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Mr. Saulter has failed to present any extraordinary circumstances that would warrant equitable tolling in this matter. He alleges only that he was unaware of the Supreme Court's decision in *Santos* until he was housed at FCP-Manchester, but even a *pro se* petitioner's ignorance of the law does not warrant equitable tolling. *United States v. Sosa*, 346 F.3d 507, 512 (4th Cir. 2004) (citations omitted).

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Mr. Saulter is not entitled to relief and the Government is entitled to dismissal of the petition, the Court considers whether Mr. Saulter is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show

---

[2]Although the *Holland* Court addressed a proceeding under 28 U.S.C. § 2254, the Fourth Circuit has applied the *Holland* standard for equitable tolling to proceedings under 28 U.S.C. § 2255. *See United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

4

the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Mr. Saulter's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Because Mr. Saulter's motion fails to meet any of the timeliness provisions of 28 U.S.C. § 2255(f), and he has not presented extraordinary circumstances that might warrant equitable tolling, the Government's Motion to Dismiss is GRANTED and Mr. Saulter's Motion to Vacate, Set Aside, or Correct Sentence is DISMISSED.

SO ORDERED, this _20_ day of October, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE