IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:02-CR-22-BO-2

FILED

DEC 1 2 2011

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DE.* CLK

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | ORDER | |
| | ) | | |
| DION SAULTER | ) | | |

This matter is before the Court on Defendant Dion Saulter's letter to the Court [DE 679], seeking "any assistance" the Court can provide in regard to the drug weight that was attributed to him during sentencing. In the letter, Mr. Saulter expresses concerns that the information he provided to the United States in connection with his plea agreement was used against him at sentencing.

The Court interprets this letter as a motion pursuant to 28 U.S.C. § 2255 because Mr. Saulter seeks to "vacate, set aside, or correct" this Court's original judgment. Mr. Saulter has already filed an unsuccessful motion under 28 U.S.C. § 2255 and he does not allege any reason why the claimed error in his sentencing proceeding could not have been discovered before the filing of his first motion to vacate. Therefore, the instant Motion is a successive petition under section 2255 and it is therefore dismissed under section 2255 (h). Because Mr. Saulter has filed a previous section 2255 petition, this Court does not have jurisdiction to consider this second section 2255 petition. In order to pursue a second motion pursuant to section 2255, Mr. Saulter would first need to petition the Fourth Circuit for permission. 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").

Because this Motion is construed as a second section 2255 petition, and is therefore

procedurally barred, notice to Mr. Saulter under *Emmanuel* is not required. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002). Generally, a court must notify a petitioner before recharacterizing a motion as being subject to section 2255's requirements. *Castro v. United States*, 540 U.S. 375 (2003). However, this "notice before recharacterization" requirement does not apply to situations in which a petitioner has already had a previous section 2255 motion dismissed on the merits. *See Emmanuel*, 288 F.3d at 650.

Because Mr. Saulter's letter is construed as a second or successive motion pursuant to section 2255, the requested relief cannot be granted.

SO ORDERED, this the __8__ day of December, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE